UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Brenda Floerke
217 E. Highland Avenue
Ft. Atkinson, WI  53538

      Plaintiff

      v.                              CIVIL NO.:

Lombardo, Davis & Goldman, LLC
735 Delaware Road
Suite 317
Buffalo, NY  14223

      Defendant.

---

## COMPLAINT

---

COMES NOW the plaintiff, Brenda Floerke by her attorneys David Dudley, Ivan J. Hannibal, and P. Jeffrey Archibald, Archibald Consumer Law Office, and for her complaint against the defendant, alleges as follows:

## I.  PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) and Wisconsin's Fair Debt Collection Practices Act, Wis. Stats. § 427.

## II.  JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the plaintiff resides here, the defendant transacts business here, and the conduct complained of occurred here.

### III.  PARTIES

2.  Plaintiff, Brenda Floerke ("Floerke"), is a natural person residing at 217 E. Highland Avenue, Ft. Atkinson, WI  53538.

3.  Floerke is a "consumer" as defined by 15 U.S.C. §1692a(3).

4.  Defendant Lombardo, Davis & Goldman LLC ("Lombardo, Davis") is a limited liability corporation engaged in the business of collecting debts, with its principal place of business located at 735 Delaware Road, Suite 317, Buffalo, NY  14223.

5.  Lombardo Davis is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### IV. FACTUAL ALLEGATIONS

6.  On or about September 2009, debt collectors from Lombardo, Davis began calling Brenda Floerke.

7.  Lombardo, Davis claimed Floerke owed $600.  A Lombardo, Davis representative threatened to sue her in Jefferson County if she did not pay the $600 that she allegedly owed.

8.  Floerke asked Lombardo, Davis for proof that she owed the alleged debt, and for proof that Lombardo, Davis had legal title to the alleged debt.

9.  Lombardo, Davis never provided proof that Floerke owed the alleged debt, or that it had legal title to the alleged debt.

10. On or about March 2, 2010, a Lombardo, Davis debt collector called Floerke's mother and left a voicemail message, while attempting to collect the alleged debt. Floerke never gave Lombardo, Davis permission to contact her mother.

11. Also on or about March 2, 2010, a Lombardo, Davis debt collector called Floerke's mother-in-law and left a voicemail, while attempting to collect the alleged debt.  Floerke never gave Lombardo, Davis permission to contact her mother-in-law.

12. In March 2010, Lombardo, Davis debt collectors began calling Floerke and asking for "Consuela Martin."   Lombardo, Davis continued to repeatedly call Floerke's number and ask for "Consuela Martin," even after Floerke explained that she was not Consuela Martin and that Consuela Martin could not be contacted at that number.

13. The Lombardo, Davis debt collectors were acting within the scope of their employment when they threatened to sue Floerke, contacted Floerke's mother, mother-in-law, and called Floerke asking for Consuela Martin

**V.  MURPHY'S FIRST CLAIM FOR RELIEF**
(Violations of FDCPA; 15 U.S.C. § 1692)

14. Plaintiff realleges paragraphs 1-13 above.

15. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

> Communication with third parties.  Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

16. Lombardo, Davis's representatives contacted and left messages with Floerke's mother and mother-in-law, in violation of 15 U.S.C. § 1692c(b).

17. 15 U.S.C. § 1692d provides, in relevant part, that:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

18. As set forth above, Lombardo, Davis attempted to harass, oppress, and abuse Floerke by calling third parties who had no relationship to the alleged debt, and calling Floerke's number and asking for "Consuela Martin."

19. 15 U.S.C. § 1692e provides, in relevant part, that:

3

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:  (2)  The false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. (3)  the false representation or implication that any individual is an attorney or that any communication is from an attorney.

20. The name "Lombardo, Davis & Goldman" falsely implies that it is a law firm, rather than a debt collector.  Lombardo, Davis also threatened to sue Floerke in Jefferson County.  Lombardo, Davis, on information and belief, had no such ability to sue Floerke because it has no lawyers on staff that are licensed to practice in the State of Wisconsin.

21. As a result of the above violations of 15 U.S.C. §§ 1692 *et seq.*, Lombardo, Davis is liable to Floerke for actual damages, statutory damages, actual costs, and attorney's fees.

## VI.  FLOERKE'S SECOND CLAIM FOR RELIEF
### (Violations of Wis. Stat. Chapter 427)

22. Plaintiff realleges paragraphs 1-21 above.

23. Wis. Stat. § 427.104(h) prohibits a debt collector from engaging in conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

24. Wis. Stat. § 427.104(l) prohibits a debt collector from taking action against the customer unless like action is taken in its regular course of business.

25. As described above, defendants' actions violated all of the above prohibitions.

26. As a result of the defendants' illegal conduct, Floerke has sustained severe emotional distress and mental anguish.

27. As a result of the above violations of Wis. Stat. Chapter 427, the defendant is liable to the plaintiff for actual damage (including emotional distress and mental

anguish), statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Lombardo, Davis & Goldman for the following:

A. Declaratory judgment that Lombardo, Davis and Goldman's conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Wis. Stat. § 425.304;

E. Emotional distress damages pursuant to Wis. Stat. § 427.105;

F. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Wis. Stat. § 425.308.

G. If the evidence supports such a finding at trial, punitive damages;

H.  For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all causes of action.

Dated this __2nd____day of April, 2010.

By:__s/ David Dudley_____

David Dudley, SBN 1062812
Ivan J. Hannibal, SBN 1050360
P. Jeffrey Archibald, SBN 1006299
Archibald Consumer Law Office

1914 Monroe St.
Madison, WI 53711
Phone: 608-661-8855
Fax: 608-661-0067

ATTORNEYS FOR THE PLAINTIFF